**SO ORDERED.**

**Dated: August 3, 2018**



# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry Order

_____
**Madeleine C. Wanslee, Bankruptcy Judge**

## *Hearing Information:*

| | |
|---|---|
| **Debtor:** | MARTIN C & SANDRA A LESCOE |
| **Case Number:** | 2:15-BK-01369-MCW    **Chapter:** 13 |
| **Date / Time / Room:** | THURSDAY, AUGUST 02, 2018 02:30 PM   7TH FLOOR #702 |
| **Bankruptcy Judge:** | MADELEINE C. WANSLEE |
| **Courtroom Clerk:** | CHRISTINA JOHNSON |
| **Reporter / ECR:** | MICHELLE RADICKE-STEVENSON |

## *Matter:*

PRELIMINARY HEARING ON MOTION FOR RELIEF FROM STAY FILED BY MICHELLE RENE GHIDOTTI-GONSALVES OF THE LAW OFFICES OF MICHELLE GHIDOTTI ON BEHALF OF HOMEPOINT MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS .

**R / M #:**   40 / 0

## *Appearances:*

JON SCHWAUB, ATTORNEY FOR MARTIN C LESCOE, SANDRA A LESCOE
MICHELLE RENE GHIDOTTI-GONSALVES, ATTORNEY FOR HOME POINT FINANCIAL CORPORATION

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry Order

(continue)...   2:15-BK-01369-MCW         THURSDAY, AUGUST 02, 2018 02:30 PM

## *Proceedings:*

Ms. Ghidotti stated her position noting the debtors have brought post-petition default payments current and she requested a stay current adequate protection order. She confirmed an accounting was provided to the debtors. Mr. Ghidotti further confirmed she is seeking relief under Section 362(d)(1) for cause because of a default that has now been brought current.

Mr. Schwaub believes the issue is moot. He stated there was confusion by the debtors when the servicer took over the loan, which is what caused the default. Mr. Schwaub stated payments were brought current at the time the response was filed. He confirmed he has received the accounting that was requested.

Ms. Ghidotti confirmed loan payments were brought current before the setting of this hearing. She stated a letter was sent to debtors' counsel identifying that there was a payment issue.

Mr. Schwaub does not recall if he received the letter, and he does not believe seven days is sufficient to respond to the letter. He suggested the lender provide a notice of default to the extent that there is a missed payment. Mr. Schwaub urged the court to keep the stay in place.

Ms. Ghidotti further replied.

COURT: BASED UPON THE FACTS OF THE CASE, THE COURT DOES FIND THAT THE CREDITOR HAS ASSERTED THAT THERE WAS A DEFAULT AT THE TIME THE MOTION WAS FILED, AND HAS INCURRED FEES AND COSTS TO PURSUE THAT DEFAULT. THE COURT WILL MODIFY THE AUTOMATIC STAY, BUT THE LENDER IS NOT AUTHORIZED TO TAKE STEPS TO FORECLOSE UNTIL THERE HAS BEEN AN UNCURED DEFAULT. TO THE EXTENT THERE IS A DEFAULT, THE LENDER SHALL GIVE THE DEBTORS A NOTICE OF DEFAULT AND ALLOW THE DEBTORS TEN DAYS TO CURE THAT DEFAULT. IF THE DEBTORS FAILS TO CURE THE DEFAULT, THEN THE LENDER CAN FILE A DECLARATION AS TO THE FACTS THAT HAVE OCCURRED, AND UPLOAD A FORM OF ORDER LIFTING THE AUTOMATIC STAY. THE LENDER ONLY NEED GIVE THREE NOTICES AND UPON THE FOURTH DEFAULT, NO FURTHER NOTICE NEED BE GIVEN AND THE LENDER MAY FILE THE DECLARATION AND THE ORDER LIFTING THE AUTOMATIC STAY. THE LENDER'S COSTS IS LIMITED TO $200.00 FOR A NOTICE OF DEFAULT LETTER.

                              HONORABLE MADELEINE C. WANSLEE
                              DATED AND SIGNED ABOVE